Filed 6/2/26  Hunt v. Aliso Viejo Community Assn. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JANEEN HUNT,<br><br>    Cross-Complainant and Appellant,<br><br>    v.<br><br>ALISO VIEJO COMMUNITY ASSOCIATION,<br><br>    Cross-Defendant and Respondent. | G065819<br><br>(Super. Ct. No. 30-2023-01314623)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Michael J. Strickroth, Judge. Affirmed in part and reversed in part.

        Janeen Hunt, in pro per, for Cross-Complainant and Appellant.

        O'Toole Rogers, Nicholas A. Rogers, and Jeffrey V. Rocha for Cross-Defendant and Respondent.

                        *        *        *

The trial court sustained a demurrer to cross-complainant Janeen Hunt's complaint for a failure to accommodate her disability against cross-defendant Aliso Viejo Community Association (AVCA), which is a master association presiding over several sub-HOAs in the city of Aliso Viejo. The events giving rise to her cross-complaint began with a conflict between Hunt and a neighbor, during which the neighbor erected barriers on his driveway, which was technically community property. Hunt appealed to AVCA to remove the barriers, citing certain disabilities she has and stating that the barriers create risks of harm to her in light of those disabilities. AVCA took the position that it had no authority to remove the barriers—the sub-HOA did. Hunt sued, and the trial court sustained AVCA's demurrer.

We reverse in part. Hunt pleaded sufficient facts to establish, for pleading purposes, that AVCA had authority to remove the barriers in the neighbor's yard, and its failure to do so violated its statutory duty to provide reasonable accommodations to disabled persons. Because she has pleaded a statutory violation, her negligence claim was also sufficient on a theory of negligence per se. However, we agree with the trial court that the complaint did not state a claim for intentional infliction of emotional distress, breach of fiduciary duty, or violation of the Unruh Civil Rights Act.

ALLEGATIONS

Hunt resides in The Cape Series at Aliso Viejo (The Cape), a condominium tract in which all streets, driveways, paving, and front yards are common area property without exclusive use rights. The Cape Series is governed by a sub-HOA, which has primary control over the day-to-day HOA duties in The Cape. That sub-HOA is subject to AVCA, a master community association that governs essentially the entire city of Aliso Viejo.

2

Hunt has been disabled due to a traumatic brain injury since 2014, with symptoms ranging from impairment of her senses of taste, hearing, and sight, to balance deficiencies, memory deficiencies, speech impediments, and nerve damage. She also suffers from degenerative disc disease of the spine.

Hunt and one of her neighbors, Gregory Lawrence, had a long-running conflict, the origin of which is somewhat unclear in the complaint. The complaint paints him as a mean and vindictive person who used his role on the sub-HOA board of directors to make trouble for his neighbors. As part of that conflict, Lawrence had put cones and other obstacles up on his driveway, which prevented cars from using that space to maneuver in and out of the cul-de-sac, which was a narrow street that was difficult to navigate without pulling into a driveway.

In June 2022, Hunt and three other neighbors filed a written complaint to the board of the sub-HOA regarding the cones Lawrence maintained at the front of his driveway. The sub-HOA took no action. Around that same time, Hunt notified the sub-HOA about her medical disability. The following month, she made "a request for Reasonable Accommodation that the cones and barriers be removed from the 'common area' driveway," which was sent to the sub-HOA by e-mail. The sub-HOA denied that request.

Hunt also lives with her disabled 89-year old mother, and she alleges her mother had to move out because she had a heart attack and emergency vehicles were delayed in getting to their house due to the presence of the cones. Hunt also alleged that the inability to use Lawrence's driveway resulted in "tears of pain" due to the "agony of painful back and forth steering to get out of her driveway" resulting from her degenerative disc disease.

3

By January 2023, the sub-HOA had denied Hunt's multiple requests to remove the cones and obstructions from Lawrence's driveway. The board had also lost most of its members. Thus Hunt decided to escalate her request for a reasonable accommodation to AVCA, the Master HOA. However, in an e-mail, AVCA also denied her accommodation request. AVCA referred the matter to its legal counsel who took the position that AVCA did not have authority under the relevant Covenants, Conditions, and Restrictions (CC&Rs) to act on Hunt's request.

The underlying lawsuit was initiated by Lawrence in March 2023 against certain of his neighbors (including Hunt) and the sub-HOA. Lawrence alleged that he has his own medical conditions that require unfettered access to his driveway for trips to the emergency room, and that his neighbors have obstructed his driveway and otherwise made unreasonable use of it. Against Hunt, Lawrence alleged that she uses his driveway to pull in and out of their street, "sometimes crushing cones the Lawrences placed on their driveway," which is allegedly not "'reasonably necessary.'"

In June 2023, Hunt filed an 82 page cross-complaint, attaching over 300 pages of exhibits. The cross-complaint named the sub-HOA and AVCA as defendants and asserted causes of action for federal and state disability discrimination and various torts. AVCA demurred and the trial court sustained the demurrer with leave to amend. AVCA then demurred to the amended cross-complaint, which the court sustained without leave to amend. The court characterized the lawsuit as a "straightforward neighbor dispute" unrelated to her mental or physical disabilities. The court entered a judgment of dismissal via minute order on June 27, 2025. Hunt timely appealed.

4

DISCUSSION

I.

DISABILITY DISCRIMINATION CLAIMS

Under California's Fair Employment and Housing Act (FEHA), the term "discrimination" "includes refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." (Gov. Code, § 12927, subd. (c)(1).) The federal Fair Housing Act (FHA) contains an identical provision. (42 U.S.C. § 3604, subd. (f)(3)(B).) "In order to establish discrimination based on a refusal to provide reasonable accommodations, a party must establish that he or she (1) suffers from a disability as defined in FEHA, (2) the discriminating party knew of, or should have known of, the disability, (3) accommodation is necessary to afford an equal opportunity to use and enjoy the dwelling, and (4) the discriminating party refused to make this accommodation." (*Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Com.* (2004) 121 Cal.App.4th 1578, 1592 (*Auburn Woods*).) Of these four elements, one and two are not contested.

As to the third element, AVCA contends that Hunt's easement rights over Lawerence's driveway extend only to "reasonably necessary" uses per the sub-HOA's governing documents, and Hunt's complaint failed to allege a reasonably necessary use. Assuming, without deciding, that there is some logical connection between what is "reasonably necessary" under the sub-HOA's governing documents, and what constitutes a "reasonable accommodation" under FEHA, we conclude Hunt has sufficiently alleged a right to reasonably use Lawrence's driveway for purposes of backing her car out of the cul-de-sac. The descriptions, diagrams, and images of the street in

5

the complaint all paint the picture of a roadway so narrow that it would be difficult, if not impossible, to turn a vehicle around without pulling partially into a neighbor's driveway. How accurate that description is and what is ultimately reasonably necessary are issues to be decided by a jury, but Hunt's pleading is sufficient to put the issues in play.

AVCA also contends Hunt failed to allege a nexus between her inability to use Lawrence's driveway and her actual enjoyment of her property. We disagree. Hunt alleged she was in excruciating pain when pulling her vehicle out such that she was reduced to tears. She further alleged that she sometimes avoided leaving her home to avoid the pain of pulling out. Whether any of that is true also remains to be decided, but it is a sufficient allegation of a loss of "enjoyment" of her dwelling.

AVCA's most developed argument in support of the court's dismissal is directed to the fourth element of the FEHA claim. AVCA's position is that it had no authority to remove the cones from Lawerence's driveway, and it cannot be deemed to have refused to do something it had no power to do. In theory, we agree that AVCA cannot be liable for acts (or omissions) outside of its ability to act. However, we disagree with AVCA's narrow interpretation of its own authority.

AVCA takes the position that only the sub-HOA had authority to intervene in Hunt's dispute with Lawrence. However, at least at the pleading stage, there is a sufficient indication in the pleadings and in AVCA's CC&Rs to suggest it had the authority to act. AVCA's CC&Rs broadly grant it authority to "Maintain or provide for the maintenance of all Community Association Properties in a safe and attractive condition, suitable for the uses and purposes for which the Declarant conveyed them to the Community Association." Similarly, it grants broad authority to "Perform such other acts,

6

whether or not expressly authorized by these Covenants, as may be reasonably necessary to enforce any of the provisions of these Covenants and the Board Rules and Regulations." Further, it grants AVCA a right of entry to enforce the CC&Rs: the power to "[e]nter upon any real property in the Subject Property, without liability to any Owner, for the purpose of enforcing any of the provisions of these Covenants . . . ."

A number of specific provisions are arguably applicable to the facts alleged here.

Section 10.06 of AVCA's CC&Rs prohibit nuisances anywhere within the community: "No noise *or other nuisance* shall be permitted to exist or operate upon any portion of the Subject Property so as to be offensive or detrimental to any other property in the vicinity thereof or to its occupants." (Italics added.) Hunt alleges that she has a nonexclusive easement over Lawrence's driveway and that the barrier he has erected is detrimental to her and her property right.

Section 10.11 provides, "No activities shall be conducted on any portion of the Subject Property, and no Improvements shall be constructed on any Lot, which are or might be unsafe or hazardous to *any Person* or property." (Italics added.) Hunt has alleged that the cones and barriers are unsafe for her in light of her disability.

Section 10.12 provides, "No unsightly articles shall be permitted to remain on any Lot or Condominium so as to be visible from any other portion of the Subject Property." Based on the descriptions and images in the complaint, a factfinder could determine that the cones and barrier Lawrence erected were unsightly and, therefore, subject to removal by AVCA.

Section 10.13 provides, "No tent or shack or other temporary building, improvement *or structure* shall be placed upon any portion of the

7

Subject Property, except that the Master Architectural Committee may permit temporary structures to be used in connection with construction on parts of the Subject Property." Arguably, in light of the duration of Lawrence maintaining the barrier on his driveway (approximately one year), it amounted to an unpermitted structure.

In reaching the conclusion that Hunt sufficiently pleaded AVCA's ability to intervene, we have been intentionally nondefinitive in our interpretation of the CC&Rs. CC&Rs are to be interpreted in the manner of a contract, and contracts must sometimes be interpreted in light of extrinsic evidence, which, of course, AVCA was not permitted to introduce at this pleading stage. (See *PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 144 [standards for interpreting CC&Rs].) Additionally, the parties' briefing has left us with some uncertainty regarding the exact nature of the property rights as between AVCA, the sub-HOA, and the individual members. Moreover, many of these questions are factual in nature and must be resolved at the appropriate stage of litigation. Our holding is simply that Hunt has sufficiently pleaded AVCA's authority to act to avoid a demurrer on her first cause of action for violation of the FHA and her second cause of action for violation of FEHA.

## II.

### TORT CLAIMS

Hunt alleged causes of action against AVCA for negligence, intentional infliction of emotional distress (IIED), and breach of fiduciary duty. We conclude the court erred in sustaining the demurrer as to the negligence claim, but properly sustained it as to IIED and breach of fiduciary duty.

8

A. *Negligence*

"Under Evidence Code section 669, negligence is presumed where the following elements are met: (1) the defendant violated a statute, (2) the violation proximately caused injury to a person or property, (3) the injury resulted from an occurrence of a type the statute was designed to prevent, and (4) the person suffering injury was one of the class of persons for whose protection the statute was adopted." (*Drury v. Ryan* (2025) 109 Cal.App.5th 1102, 1109.) This is commonly known as negligence per se.

Here, we have already concluded that Hunt sufficiently pleaded a statutory violation against AVCA—namely, disability discrimination. She pleaded physical pain and suffering as a result of the barriers on Lawrence's driveway that AVCA declined to remove. And the purpose of FEHA's disability discrimination laws is to ensure disabled persons can fully enjoy and utilize their own property, which Hunt was allegedly prevented from doing. Thus, this was the type of harm the statute was designed to prevent, and Hunt, as a disabled person, is in the class of persons the statute was designed to protect. Accordingly, Hunt adequately pleaded a claim for negligence.

B. *Intentional Infliction of Emotional Distress*

"The elements of a cause of action for IIED are as follows: (1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a result, plaintiff suffered extreme or severe emotional distress." (*Berry v. Frazier* (2023) 90 Cal.App.5th 1258, 1273.)

This claim fails because there is simply nothing extreme and outrageous about AVCA's decision not to remove cones from a driveway in a dispute among neighbors, both of whom were claiming the cones were relevant to their disability. It arguably was a violation of contractual and statutory duties owed to Hunt. But it was not extreme and outrageous.

C. *Breach of Fiduciary Duty*

"Directors of nonprofit corporations such as the [homeowners] Association are fiduciaries who are required to exercise their powers in accordance with the duties imposed by the Corporations Code. [Citation.] This fiduciary relationship is governed by the statutory standard that requires directors to exercise due care and undivided loyalty for the interests of the corporation." (*Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 513; see Corporations Code, § 7231.) These duties extend to individual members. (*Cohen v. Kite Hill Community Assn.* (1983) 142 Cal.App.3d 642, 652.)

Under Corporations Code section 7231, subdivision (a), directors are required to engage in "reasonable inquiry" in discharging their duties. Under subdivision (b)(2), directors fulfill their duty of inquiry by relying on the advice of counsel. Here, the complaint's allegations and attachments demonstrate that AVCA responded to Hunt's request for an accommodation, referred the matter to AVCA's attorneys, and ultimately deferred to counsel's opinion that AVCA had no authority to act. That conclusion may turn out to be wrong, and AVCA may be liable under other legal theories, but the allegations do not reflect that AVCA breached its fiduciary duty of due care. Nor is there any allegation that suggests a breach of the duty of loyalty. Accordingly, the demurrer was correctly sustained as to that cause of action.

10

## III.

## UNRUH ACT

The Unruh Civil Rights Act mandates that "[a]ll persons within the jurisdiction of this state are free and equal," regardless of various traits, including disability, and "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civil Code, §51, subd. (b).) To prevail on an Unruh Act claim based on disability, the plaintiff must either show a violation of the Americans with Disabilities Act (ADA) or must show that the defendant engaged in intentional discrimination. (*Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 664-665 (*Munson*).) Hunt does not claim AVCA violated the ADA here, and thus her claim can survive only if she properly pleaded intentional discrimination. Intentional discrimination is "willful, affirmative misconduct on the part of those who violate the Act." (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1172 [superseded by statute on other grounds as described in *Munson, supra,* 46 Cal.4th at p. 664].)

For reasons similar to our reasoning in connection with the fiduciary duty claim, we conclude Hunt did not plead an Unruh Act claim. Nothing in the allegations and attachments to Hunt's complaint indicates intentional discrimination. AVCA responded courteously to Hunt's request for accommodation, took it seriously by referring the matter to counsel, then deferred to counsel's judgment that it lacked authority to intervene. While the resulting denial of Hunt's request for a reasonable accommodation may turn out to constitute discrimination under FEHA, there is no indication it was in bad faith, and thus it was not intentional discrimination under the Unruh Act.

11

## DISPOSITION

The judgment of dismissal is reversed as to Hunt's causes of action for violation of FEHA, violation of the FHA, and negligence. In all other respects, the judgment is affirmed. Hunt shall recover her costs incurred on appeal.[1]


SANCHEZ, J.

WE CONCUR:


MOTOIKE, P. J.


MOORE, J.

---

[1] Hunt's request for judicial notice is granted as to exhibits B and G, which are documents filed with the state or recorded with the county registrar. (Evid. Code, § 452, subd. (h).) The remainder of the request is denied because the attached documents are not subject to judicial notice.